**Abrams & Dann, Inc. v. HCR Corporation**

*Frank Gelman* and *Sidney A. Simon,* for plaintiff.
*Charles A. Szybist,* for defendant.

GREEVY, P. J., December 5, 1968.—This is an action in assumpsit wherein Abrams & Dann, Inc., a New York corporation, is plaintiff and HCR Corporation, a Pennsylvania corporation, is defendant.

The case was tried by the court without a jury under the provisions of the Act of April 22, 1874, P. L. 109, as amended, 12 PS §688, et seq.

The material facts are these: In the late summer of 1964, defendant, who was the owner and lessor of a shopping center (hereinafter referred to as "center") in Lycoming County known as the Montour Shopping Plaza, inserted an advertisement in the Wall Street Journal offering the center for sale. During August 1964, plaintiff contacted defendant and produced buyers who began negotiations for the purchase of the center. The sale was not consummated with one of plaintiff's clients, defendant having sold to another party who is not involved in these proceedings. Thereafter plaintiff brought this action for a commission in the amount of $10,000.

From the testimony we make the following

### FINDINGS OF FACT

1. Plaintiff, Abrams & Dann, Inc., is a New York corporation duly licensed to do business as real estate agents and brokers by the State of New York, but not licensed as a real estate agency and broker in Pennsylvania.

2. HCR Corporation, defendant, is a Pennsylvania corporation and in August 1964 owned and operated a shopping center known as Montour Shopping Plaza, Montoursville, Pa.

3. In the summer of 1964, defendant offered the center for sale.

4. No written agreement of employment was entered into by the plaintiff and defendant as to the sale of the center.

5. Plaintiff produced prospective buyers for the center.

6. All the discussions between defendant and prospective buyers, produced by plaintiff, took place in Pennsylvania.

7. The contracting, if any, and the services performed by plaintiff primarily took place in Pennsylvania.

8. Contracts of sale for the center were prepared but never signed.

9. Defendant sold the shopping center to a party not a client of plaintiff.

10. Plaintiff is not entitled to recover a real estate commission in this case.

## DISCUSSION

Plaintiff is a New York corporation duly licensed to do business as a real estate agent and broker by the State of New York but is not so licensed by the Commonwealth of Pennsylvania. Plaintiff bases its claim on an oral listing contract. Defendant denies the existence of any contract. Plaintiff contends it produced buyers for the center who were ready, willing and able to purchase. Defendant contends plaintiff never produced such buyers. Plaintiff claims the buyers were secured with the consent of defendant, and, therefore, plaintiff is entitled to its commission. Defendant denies any buyers were secured with its

consent and contends that, in any event, plaintiff cannot recover a commission because it was not registered as a real estate broker in Pennsylvania.

The Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 PS §431, et seq., provides:

Section 6(a), 63 PS §436a: "From and after January 1, 1930, it shall be unlawful for any person, copartnership, association or corporation to engage in or carry on the business, or act in the capacity of a real estate broker, or a real estate salesman, within this Commonwealth, without first obtaining a license as a real estate broker or real estate salesman from the department . . ."

Section 16, 63 PS §446: "No action or suit shall be instituted, nor recovery thereon be had, in any court of this Commonwealth by any person, copartnership, association or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service."

"By the express provisions of Sections 12 and 16 of the statute 'the doing or rendering' of such services 'without first obtaining a license from the Department of Public Instruction' amounted to an illegal act. In Section 16 it is declared that 'no action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth' for compensation for services of this character unless the person seeking to recover 'was duly licensed under the Statute as a real estate broker at the time of the doing of such act or the rendering of such service'": Burns v. Gartzman, 139 Pa. Superior Ct. 453, 460.

We have reviewed the Real Estate Brokers License Act, supra, and the cases decided thereunder and find that the provision against unlicensed brokers is absolute as far as acts in Pennsylvania are concerned. We also find the activities, in this case, took place in Pennsylvania.

"It has been firmly established that the securing of a license is a condition precedent to the lawful transaction of business by a real estate broker and that he cannot have the aid of the courts to recover commissions which were earned before he received a license": Burns v. Gartzman, 139 Pa. Superior Ct. 453, 462.

Plaintiff has been a real estate broker for a number of years in New York and admits he is not licensed in Pennsylvania. We note that the law of New York is substantially the same regarding the licensing of real estate brokers. See New York Real Property Law, sec. 440(a) and (b), at 442(d).

Pennsylvania makes provision for out-of-State residents to qualify for a license in Pennsylvania and avoid the prohibition of the act: Real Estate Brokers License Act, supra, as amended, sec. 7(e) and (f), 63 PS §437. This, plaintiff did not comply with.

We have examined the cases submitted by plaintiff and find them inapposite on the facts in this case. The Real Estate Brokers License Act, supra, prohibits plaintiff from recovering for the services, if any, that it has performed. This finding and conclusion renders it unnecessary to consider the additional defenses relied upon by defendant.

We make the following

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and the subject matter of the litigation.

2. Plaintiff is not a licensed real estate broker in Pennsylvania.

3. A Pennsylvania real estate broker's license is a condition precedent to recover commission in this case.

4. Plaintiff is not entitled to recover.

### VERDICT

And now, to wit, December 5, 1968, at 2:30 p. m., the trial judge, sitting as a judge without a jury, hereby finds in favor of defendant, HCR Corporation, and against plaintiff, Abrams & Dann, Inc.

Notice of the verdict shall be forthwith given by the prothonotary to the parties or their counsel and if no exceptions are filed in the proper office within 20 days after service of such notice, final judgment shall be entered hereon by the prothonotary.